## Case No. 9,614.

### MILLS v. RUSSELL.

[The case reported under above title in 18 Int. Rev. Rec. 203, is the same as Case No. 17,247.]

## Case No. 9,615.

### MILLS et al. v. SMITH.

[4 Biss. 442.] [1]

Circuit Court, N. D. Illinois.  May, 1865.[2]

EJECTMENT—BONA FIDE PURCHASER—RECITALS—
NOTICE.

1. A party can protect himself as a bona fide purchaser, either by showing payment by himself without notice, or that he took through some bona fide purchaser without notice.

2. A recital in a recorded deed, the grantor in which had no record title to the property, does not operate as constructive notice; it is different where the party sees or has actual notice of such recital.

Action of ejectment for land in Cook county.

J. H. Knowlton, for plaintiff.

DRUMMOND, District Judge (charging jury). The land in controversy was patented originally to Zeba Parmlee. The plaintiffs claim title by a deed from Zeba Parmlee to Edwin A. Lacey in February, 1837, which deed, however, has never been recorded. It is shown by the evidence that the land descended to Andrew H. Lacey as the heir of Edwin A. Lacey, and he devised the property to one of the plaintiffs, Flora M. Mills, wife of Josiah M. Mills. This is the title of the plaintiff, and, independent of all questions connected with the recording laws, of course it would be a valid title.

The defendant's title consists of a deed from Zeba Parmlee to James Lombard, dated the 14th of August, 1854, and recorded the 28th of that month and year, and a deed from James Lombard to defendant, dated December 7, 1855. The deed from Parmlee to Lacey not being recorded at the time that the deed was made by Parmlee to Lombard, the first question to be determined is, was Lombard a purchaser protected by the recording laws?

They provide that every deed shall take effect from the time it is filed for record, as against subsequent purchasers without notice. This deed from Parmlee to Lacey not having been recorded in August, 1854, the first question to—determine is, was James Lombard, the grantee in this deed, a purchaser without notice of the previous conveyance made to E. A. Lacey, and did he pay for the land without knowledge of the existence of the previous transfer?

1 [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

2 [Affirmed in 8 Wall. (75 U. S.) 27.]

You will bear in mind that as Benjamin Lombard was the agent of James Lombard in the purchase, notice to Benjamin is notice to James Lombard, because notice to the agent is notice to the principal. It is necessary that Benjamin Lombard should have had notice of the previous conveyance, or of some fact which satisfied him that there had been a valid transfer of the land, or a valid incumbrance,—some fact sufficient to put a prudent man upon inquiry; in other words, there must have been good faith on his part when he made the purchase.

If he was a purchaser in good faith, then it makes no difference whether [Nathaniel] Smith was or not, because his purchase would protect Smith, the latter having purchased from him. But if he was not a purchaser in good faith, the next question is, did Smith purchase in good faith? and the same rule is applicable substantially to him as to Benjamin Lombard, the agent of James Lombard. It is necessary that he should have purchased the land and paid the money for it without knowledge of this previous deed. If he knew of the existence of this previous deed, or had knowledge of any fact which would satisfy a prudent man or put him upon inquiry that there was a valid sale made to Edwin A. Lacey before he paid the purchase money, then he could not be considered a purchaser in good faith.

But it is contended on the part of the plaintiff that as there was a deed from Zeba Parmlee to Andrew H. Lacey on record on the 25th of November, 1854, and as that recited that he had made a conveyance or transfer of the land to E. A. Lacey many years before, it was constructive notice to the defendant of the conveyance.

I am not prepared to admit that as a rule of law. If he had read this deed or the record of it, or had seen it,—if, in other words, he had actual notice,—then, of course, he would be bound by it; but I hardly think that the fact that it was simply on record, though he never saw it, would be constructive notice to him so as to prevent him from being a bona fide purchaser. At the time this deed was made Mr. Parmlee really had no title to the land, even upon the record, because the deed to James Lombard was recorded the 28th of August, 1854, before the deed was made to A. H. Lacey, and it would be a hard rule, it seems to me, to hold that a recital in a deed attempting to convey land, which a man had no right to convey should operate as constructive notice to a third party. I do not understand any of the cases have gone thus far; therefore, the court will instruct you that it was necessary that Mr. Smith should have had actual notice of the previous deed, or of some fact which would satisfy a prudent man that there had been a transfer of the land, before he paid the purchase money, bearing in mind that the defendant can protect himself either by showing that Lombard is a bona fide purchaser

without notice, or that he himself is a bona fide purchaser without notice.

Verdict for defendant.

NOTE. The general rule is that a purchaser has constructive notice only of such facts relating to the land as appear in the muniments of title, which it is necessary for him to inspect, in order to ascertain the sufficiency of such title. 3 Washb. Real Prop. 596, and a large collection of authorities in note 4. As where a prior unrecorded mortgage is recited in a second mortgage, the grantee takes subject to same. Baker v. Mather, 25 Mich. 51. See, also, Polk v. Cosgrove [Case No. 11,248.] [A writ of error was sued out in the supreme court, where the judgment of the court below was affirmed. 8 Wall. (75 U. S.) 27.]